UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| KENNETH DALE JEFFERSON, JR., | Civil No. 08-1373 (RHK/SRN) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| JOANN FABIAN, | |
| Respondent. | |

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that this action be summarily dismissed with prejudice, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I. BACKGROUND**

Petitioner is an inmate at the Minnesota Correctional Facility in Stillwater, Minnesota. He is serving a prison sentence that was imposed by the state district court for Redwood County, Minnesota, following his conviction for "5th degree felony assault [and] false imprisonment." (Petition, [Docket No. 1], ¶s 1, 4.)

Petitioner challenged his conviction and sentence in a direct appeal to the Minnesota Court of Appeals. His attorney filed a brief that raised two claims, which the Court of Appeals described as follows:

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

n/a

(1) "the state should have charged him with the more specific offense of misdemeanor domestic assault aimed at 'household members,' Minn.Stat. § 609.2242, subd. 1(2) (2004), rather than the general offense of assault;"

(2) "the trial court abused its discretion by imposing a [60-month] sentence under the dangerous-and-career-offender statute."

State v. Jefferson, No. A06-1458 (Minn.App. 2007), 2007 WL 2703012 (unpublished opinion) at *1. Petitioner raised several additional claims for relief in a separate pro se brief. Id. at *3.

The two claims raised by Petitioner's appellate counsel were discussed and rejected on the merits. Id. at *1-3. The claims raised in Petitioner's separate pro se brief were not addressed on the merits. The Court of Appeals explained that:

> "[Petitioner] filed a pro se brief that fails to state a clear basis for appeal on any issue or provide any legal support for his claims. As such, appellant has waived any issues that he may have individually raised to this court.

Id. at *3, citing State v. Butcher, 563 N.W.2d 776, 780 (Minn.App.1997), rev. denied (Minn. Aug. 5, 1997). The Minnesota Supreme Court denied Petitioner's application for further review without comment on November 13, 2007.

Petitioner's current habeas corpus petition lists four grounds for relief, which Petitioner has summarized as follows:

(1) "Alege [sic] Victim testifyd [sic] I defendant did not committ [sic] crime. Allege Victim was threatend [sic] to testify aganst [sic] me, so much was done wrong at trial and court etc."

(2) "Prosecutorial Misconduct."

(3) "Judiciary Misconduct."

(4) "Prejudicial testimony."

(Petition, pp. (5)-(6), ¶ 12.)

There are several handwritten pages attached to the present petition, which are entitled "Legal Issues." It appears that Petitioner may be attempting to present some additional claims for relief in those attached pages, and the Court will assume that is the case. The nature of those additional claims is difficult to discern. It appears that Petitioner may be arguing that his sentence should be set aside pursuant to the Supreme Court's decision in Blakely v. Washington, 542 U.S. 296 (2004), because it allegedly was based on factual determinations that were not made by a jury. It appears that he is also re-raising the first claim for relief that was presented by his attorney on direct appeal – i.e., that he should have been charged under a different statute.

The Court finds that none of Petitioner's current claims for relief can be addressed on the merits, because they all have been procedurally defaulted.

## II. DISCUSSION

It is well established that a federal court may not entertain a petition for a writ of habeas corpus on behalf of a state prisoner, unless the prisoner has first exhausted all available state court remedies for all of his claims. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509 (1982). This exhaustion of state remedies requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged federal constitutional errors raised by state prisoners. O'Sullivan, 526 U.S. at 842; Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Rose v. Lundy, 455 U.S. at 518-19; Smittie v. Lockhart, 843 F.2d 295, 298 (8th Cir. 1988).

"Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts,... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845 (emphasis added). In other words, a prisoner must fairly present all of his constitutional claims to the highest available state court before seeking relief in federal court. Id. at 847. Thus, in Minnesota, a claim must be fairly presented to the Minnesota Supreme Court before it can be raised and decided in a federal habeas corpus proceeding. See Baldwin v. Reese, 541 U.S. 27, 29 (2004) ("the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review)").

When a prisoner has not exhausted his state court remedies for some particular claim, and state procedural rules preclude any further attempts to satisfy the exhaustion requirement as to that claim, then the claim has been procedurally defaulted. Coleman v. Thompson, 501 U.S. 722, 750 (1991); McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997). See also O'Sullivan, 526 U.S. at 848 (petitioner's failure to present his federal habeas claims to the state supreme court in a timely manner results in a procedural default of those claims). Likewise, if a prisoner has presented a claim in the state courts, but the state courts have refused to consider the claim on the merits because of some state procedural flaw, the claim is procedurally barred for federal habeas corpus purposes. Clemons v. Luebbers, 381 F.3d 744, 750 (8th Cir. 2004) ("federal district court is precluded from substantively considering a habeas corpus claim that a state court has disposed of on independent and adequate non-federal grounds, including state procedural grounds"), cert.

denied, 546 U.S. 828 (2005).  See also Kennedy v. Delo; 959 F.2d 112, 115 (8th Cir.) ("petitioner must present his federal claims to the state courts in a timely or procedurally correct manner in order to provide the state courts an opportunity to decide the merits of those claims"), cert. denied, 506 U.S. 857 (1992).

A claim that has been procedurally defaulted will not be entertained in a federal habeas corpus proceeding, unless the petitioner has shown "cause and prejudice" to excuse his procedural default, or, in the alternative, that there would be a "fundamental miscarriage of justice" if the federal court declined to consider the claim.  Coleman, 501 U.S. at 750.

The rules governing procedural default have been summarized by the Supreme Court as follows:

> "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violations of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice".

Id.

The "fundamental miscarriage of justice" exception is available only upon a "showing, based on new evidence, that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" Brownlow v. Groose, 66 F.3d 997, 999 (8th Cir. 1995), cert. denied, 516 U.S. 1161 (1996) (emphasis added), quoting Schlup v. Delo, 513 U.S. 298, 327 (1995).  In other words, a petitioner cannot simply point to errors that allegedly occurred during the course of his state criminal proceeding; he must instead offer some new evidence which affirmatively demonstrates that he is, in fact, innocent of the

5

crime(s) for which he was convicted.[2]

In this case, only two claims were presented at every level of the Minnesota state court system <u>in accordance with state procedural requirements</u> – namely the two claims that were raised in the brief filed by Petitioner's counsel on direct appeal.[3]  Those are the only two claims that were properly presented to, and considered and decided on the merits by, the state appellate courts.  Therefore, those are the only two claims for which Petitioner has satisfied the exhaustion of state court remedies requirement.  However, those two claims can<u>not</u> be considered here, because they were not presented to the state courts <u>as federal constitutional claims</u>.

---

[2]  "The actual innocence exception is concerned with claims of actual, not legal innocence. <u>Anderson v. United States</u>, 25 F.3d 704, 707 (8th Cir. 1994).  It is evidence of factual innocence coupled with a constitutional violation which triggers the actual innocence exception.  Indeed, a credible claim of actual innocence 'requires [a] petitioner to support his allegation of constitutional error with new reliable evidence....'  [<u>Schlup</u>, 513 U.S. at 324.]  Examples of evidence which may establish factual innocence include credible declarations of guilt by another, <u>see</u> <u>Sawyer v. Whitley</u>, 505 U.S. 333, 340... (1992), trustworthy eyewitness accounts, <u>see</u> <u>Schlup</u>, 513 U.S. [at 324]... and exculpatory scientific evidence."

<u>Pitts v. Norris</u>, 85 F.3d 348, 350-51 (8th Cir.), <u>cert</u>. <u>denied</u>, 519 U.S. 972 (1996).  For purposes of showing actual innocence, "'evidence is new only if it was not available at trial and could not have been discovered earlier through the exercise of due diligence.'" <u>Johnson v. Norris</u>, 170 F.3d 816, 817 (8th Cir. 1999), quoting <u>Armine v. Bowersox</u>, 128 F.3d 1222, 1230 (8th Cir. 1997) (<u>en</u> <u>banc</u>), <u>cert</u>. <u>denied</u>, 523 U.S. 1123 (1998).

[3] This assumes that both of the claims raised by Petitioner's counsel in the State Court of Appeals were also raised in the subsequent application for further review in the Minnesota Supreme Court.  Petitioner has not confirmed that both of those claims were, in fact, presented to the State Supreme Court.  (<u>See</u> Petition, p. (3), ¶ 9.(e)(4).)   For present purposes, however, the Court will assume that both of the claims adjudicated by the Court of Appeals were later presented to the Supreme Court.

The federal habeas corpus statute explicitly states that a federal court can "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court <u>only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States</u>."  28 U.S.C. § 2254(a) (emphasis added).  "It is axiomatic that federal courts may intervene in the state judicial process only to correct wrongs of a <u>constitutional</u> dimension."  <u>Wainwright v. Goode</u>, 464 U.S. 78, 83 (1983) (<u>per</u> <u>curiam</u>) (emphasis added).  Furthermore, a federal constitutional claim is not exhausted, for federal habeas corpus purposes, unless the state courts have been fairly apprised that the claim is grounded on the Constitution.  See <u>Duncan</u>, 513 U.S. at 365-66 ("[i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution").

It is clear from reading the Minnesota Court of Appeals' decision in <u>Jefferson</u> that the claims raised in Petitioner's counsel's brief were based solely on Minnesota <u>state</u> law.  The first of those two claims – i.e., that Petitioner should have been charged with misdemeanor domestic assault, rather than the general offense of assault – is based on Minn.Stat. § 645.26, subd. 1.[4]  In the second claim decided on the merits by the Court of

---

[4]  Minn.Stat. § 645.26, subd. 1 states that:

"When a general provision in a law is in conflict with a special provision in the same or another law, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the two provisions be irreconcilable, the special provision shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted at a later session and it shall be the manifest intention of the legislature that such general provision shall prevail."

Appeals, Petitioner simply argued that the trial court had abused its discretion by enhancing his sentence under the state sentencing guidelines, based on his extensive history of prior criminal convictions.[5]  Because the two claims that the Minnesota Court of Appeals adjudicated on Petitioner's direct appeal were not based on the federal Constitution, neither of those two "exhausted" claims can be entertained in the present habeas corpus action.

Any other claims that Petitioner might be attempting to raise here, (aside from the two that were adjudicated on direct appeal), have been procedurally defaulted.  The claims that he attempted to raise in his pro se brief on direct appeal have been procedurally defaulted because the State Court of Appeals refused to consider them based on Petitioner's failure to comply with state procedural requirements.  Jefferson, 2007 WL 2703012 at *3.  Any other new claims that Petitioner might be attempting to raise here are procedurally defaulted, because they were not previously raised in the state courts, and it is now too late to do so.[6]

The only remaining issue to consider is whether Petitioner has shown cause and

---

[5] Petitioner's counsel presumably did not raise any claim based on Blakely, because he or she recognized that Blakely does not prevent state court judges from imposing sentence enhancements, without a jury's input, based on evidence of prior convictions.

[6] Petitioner could not attempt return to the state courts and try to present any of his current claims to the state courts in a state post-conviction proceeding brought under Minn.Stat. §§ 590.01 et seq., because post-conviction review is not available for claims that were known, but not raised, on direct appeal.  See McCall, 114 F.3d at 757 ("Minnesota law provides that once the petitioner has directly appealed his sentence 'all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief'"), citing State v. Knaffla, 243 N.W.2d 737, 741 (Minn. 1976); Roby v. State, 531 N.W.2d 482, 484 (Minn. 1995).  All of the claims presented here were readily apparent during the original trial court proceedings.  Therefore, Petitioner cannot go back to the state courts at this time, and attempt to cure his procedural default by seeking post-conviction relief.

prejudice, or actual innocence, to excuse his procedural default. Petitioner has not specifically attempted to satisfy either the cause and prejudice standard, or the actual innocence standard, and the Court cannot independently discern any proper basis to excuse his procedural default.

In order to satisfy the "cause" requirement, a prisoner must show that some external impediment prevented him from presenting his claims to the state's highest court in a timely and procedurally proper manner. Coleman, 501 U.S. at 753 ("'cause' under the cause and prejudice test is something external to the petitioner, something that cannot fairly be attributed to him... [f]or example, 'a showing that the factual or legal basis for a claim was not reasonably available... or that some interference by officials made compliance impracticable'"), (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)) (emphasis in the original).

Petitioner has suggested that his procedural default might be attributable to inadequate legal assistance from the attorney who represented him on direct appeal. (See Petition, p. (6), ¶ 13.) However, if Petitioner is contending that his procedural default should be excused because it was caused by ineffective assistance of counsel, that argument must be rejected. Ineffective assistance of counsel cannot serve as cause to excuse a procedural default, unless the proffered ineffective assistance argument has been fairly presented to the state courts as an independent challenge to the validity of the conviction or sentence at issue. Edwards v. Carpenter, 529 U.S. 446, 452 (2000) ("'a claim of ineffective assistance'... must 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default'") (quoting Murray v. Carrier, 477 U.S. at 489). See also Bailey v. Mapes, 358 F.3d 1002, 1004 (8th Cir. 2004)

("[a]lthough constitutionally ineffective assistance can serve as a 'cause' excusing a procedural default, the ineffective assistance claim must be raised in the state postconviction proceedings before it can be relied upon in a federal habeas proceeding"); Wyldes v. Hundley, 69 F.2d 247, 253 (8th Cir. 1995) ("[t]he Supreme Court has stated, and we, naturally, have insisted, that 'a claim of ineffective assistance [must] be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default'") (citation omitted), cert. denied, 517 U.S. 1172 (1996).  Petitioner has not presented an ineffective assistance of counsel claim to the Minnesota Supreme Court, so ineffective assistance of counsel cannot serve as cause for his procedural default.  Thus, the Court finds that Petitioner is unable to show any legally viable external cause to excuse his procedural default.

Because Petitioner has failed to satisfy the cause component of the cause and prejudice requirement, it is unnecessary to consider whether he could satisfy the prejudice component.  Ashker v. Class, 152 F.3d 863, 871 (8th Cir. 1998) (when petitioner "has not shown adequate cause to overcome the procedural bar... we need not consider the issue of actual prejudice"); Sweet v. Delo, 125 F.3d 1144, 1151 (8th Cir. 1997), cert. denied, 523 U.S. 1010 (1998) (same).

Finally, Petitioner does not qualify for the "actual innocence" exception, because he has offered no new evidence to affirmatively demonstrate that he did not commit the crimes for which he was convicted.  All of Petitioner's current claims for relief pertain to errors that allegedly occurred during his trial or sentencing.  He has not cited any new and previously undiscoverable evidence, which would prove that he is, in fact, wholly innocent of the crimes for which he was convicted.  Therefore, he cannot overcome his procedural default

by way of the actual innocence exception.

### III. CONCLUSION

For the reasons discussed above, the Court finds that all of the claims presented in Petitioner's current habeas corpus petition have been procedurally defaulted. The Court further finds that his procedural default cannot be excused based on either cause and prejudice, or new proof of actual innocence. The Court will therefore recommend that this action be summarily dismissed, with prejudice, pursuant to Rule 4 of the Governing Rules.

Having determined that this action must be summarily dismissed, the Court will further recommend that Petitioner's pending application to proceed in forma pauperis, (IFP), be summarily denied. See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

### IV. RECOMMENDATION

Based upon the foregoing, and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1. Petitioner's application for a writ of habeas corpus, (Docket No. 1), be **DENIED**;

2. Petitioner's application to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

3. This action be **DISMISSED WITH PREJUDICE**.

DATED:   May 22, 2008                                  s/ Susan Richard Nelson
                                                       SUSAN RICHARD NELSON
                                                       United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **June 6, 2008** a writing which

specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.